IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**GEORGE MARTIN,**

      **Plaintiff,**

v.                                                                 **Case No.: 1:13-cv-11779**

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

      This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") granting Plaintiff's application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. The matter is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross motions for judgment on the pleadings, as articulated in their respective briefs. (ECF Nos. 11, 12).

      The undersigned has fully considered the evidence and the arguments of the parties. For the following reasons, the undersigned **RECOMMENDS** that Plaintiff's motion for judgment on the pleadings be **DENIED**, that the Commissioner's motion for

1

judgment on the pleadings be **GRANTED**, and that this case be **DISMISSED**, **with prejudice,** and removed from the docket of the Court.

## I. Procedural History

On October 22, 2009, Plaintiff, George Martin ("Claimant"), filed an application for DIB, alleging a disability onset date of February 28, 2008, (Tr. at 90), due to an "old bullet wound to left side of chest causing pain and breathing problems, depression, and PTSD." (Tr. at 106). The Social Security Administration ("SSA") denied Claimant's application initially and upon reconsideration. (Tr. at 30, 35). Claimant filed a request for an administrative hearing, (Tr. at 38), which was held on March 7, 2012 before the Honorable Thomas W. Erwin, Administrative Law Judge ("ALJ"). (Tr. at 18-27). At the hearing, Claimant's counsel moved to amend the disability onset date to January 19, 2011, which motion was granted by the ALJ. (Tr. at 21). By written decision dated March 9, 2012, the ALJ found that Claimant had been under a disability since the amended alleged onset date, and was therefore entitled to disability benefits. (Tr. at 12-17). On April 12, 2013, Claimant submitted a request for review of the ALJ's fully favorable determination, on the ground that he had been disabled since 2008. (Tr. at 5-7). However, the ALJ's decision became the final decision of the Commissioner on May 15, 2013, when the Appeals Council denied Claimant's request for review. (Tr. at 1-3).

Claimant timely filed the present civil action, *pro se*, seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). The Commissioner filed an Answer and a Transcript of the Administrative Proceedings, (ECF Nos. 7, 8), and both parties filed memoranda in support of judgment on the pleadings. (ECF Nos. 11, 12). Consequently, the matter is fully briefed and ready for resolution.

## II. Claim of Error

Claimant argues that the ALJ erred in amending his onset date to January 19, 2011. (ECF No. 11 at 1). Claimant alleges that he never consented to the amendment, and argues that "the lawyer and judge had had [sic] made that back pay decision on their own." (ECF No. 11 at 1). In contrast, the Commissioner argues that Claimant voluntarily agreed to amend his disability onset date, and as a result the ALJ did not err in limiting his review to the time period following the amended onset date. (ECF No. 12 at 4-6).

## III. Scope of Review

The issue before the Court is whether the final decision of the Commissioner is based upon an appropriate application of the law and is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In *Blalock v. Richardson,* the Fourth Circuit Court of Appeals defined "substantial evidence" to be:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Blalock*, 483 F.2d at 776 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). When examining the Commissioner's decision, the Court does not conduct a de novo review of the evidence to ascertain whether the claimant is disabled. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). Instead, the Court's role is limited to insuring that the ALJ followed applicable regulations and rulings in reaching his decision, and that the decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456. If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree with such decision." *Blalock*, 483 F.2d at 775.

## IV.     Discussion

Claimant argues that the ALJ improperly, and without Claimant's consent, amended his disability onset date from February 28, 2008 to January 19, 2011. (ECF No. 2). Claimant alleges that on the day of his administrative hearing, the ALJ informed him that "he was going to backpay [Claimant] 1 year 'cause that's that date [Claimant] started taking pain med[ication]." (*Id.* at 2). However, Claimant insists that he began taking pain medication more than ten years earlier, (*Id.*; 11 at 1); therefore, the ALJ should have reviewed his case using the originally alleged onset date. (ECF No. 2 at 2).

Contrary to Claimant's contention, the transcript of the administrative hearing reflects that Claimant, through his attorney, requested the amendment of his disability onset date to January 19, 2011. The transcript opens with the ALJ summarizing an off-the-record discussion he had with Claimant and his attorney immediately prior to the hearing. (Tr. at 20). According to the ALJ, they conferred about the matter of amending the onset date to January 19, 2011, given that "basically two things happened right around that time." (Tr. at 20-21). First, "the claimant started complaining of his neck and arm and hand problems, the carpal tunnel was diagnosed," and second, "shortly thereafter, in February, is when the claimant started getting prescribed narcotics." (Tr. at 21). Claimant and his attorney each acknowledged that the ALJ had accurately summarized their discussion. When asked by the ALJ how Claimant wished to proceed, his attorney reported, "Your honor, we've. . .I have discussed the matter of an amended onset date with Mr. Martin in the conference room. . . and he has agreed and has asked me to move the Court to amend the alleged onset date to January 19th, 2011." (*Id.*). The ALJ then accepted the amended onset date and proceeded with the hearing, which included questioning the Claimant. (*Id.*). Claimant never expressed any hesitancy,

objection, confusion, or uncertainty with the change, although he had an adequate opportunity to do so.

Although Claimant did not explicitly confirm his consent to the amendment by voicing his agreement on the record, he also did not dispute his attorney's representations to the ALJ. Thus, Claimant's nonverbal assent at the hearing constituted his knowing and voluntary agreement to the requested modification of his disability onset date. *See Klos v. Astrue*, No. 09-CV-3039 (ARR), 2010 WL 3463174, at *11 (E.D.N.Y. Aug. 30, 2010) ("Absent a showing that plaintiff was coerced or deceived into stipulating to an amended disability onset date, plaintiff's attorney's conduct is imputed to plaintiff.") (citing *Zabala v. Astrue*, No. 08–0928–cv, 2010 WL 455480, at *5 (2d Cir. Feb. 11, 2010)). Claimant presents no evidence of coercion or deception on the part of the ALJ, and Claimant was represented by counsel throughout the proceeding. The disability onset date was not amended until counsel requested that the change be made. Accordingly, there is absolutely no basis upon which to conclude that the ALJ erred in proceeding on the modified onset date. *See Manuell ex rel. Manuell v. Commissioner of Social Sec.*, No. 1:11-cv-2664, 2013 WL 1281746 (S.D.Ohio Mar. 27, 2013) (affirming decision where record demonstrates consent to amended onset date); *Bruno v. Astrue*, No. 09 Civ. 4690(JSR)(DF), 2010 WL 5653398, at *5 (S.D.N.Y. 2010) (same); R*ich v. Commissioner of Social Sec.*, No. 08–CV–510S, 2009 WL 2923254, at *1 (W.D.N.Y. Sept. 10, 2009) (same).

Even assuming *arguendo* that Claimant did not consent to the modified disability onset date, the ALJ's determination of Claimant's onset of disability is supported by substantial evidence on the record, as there is a legitimate medical basis for the ALJ's finding. *See Talanker v. Barnhart,* 487 F.Supp.2d 149, 156 (E.D.N.Y. 2007); Social

Security Ruling 83-20, SSR 83-20, 1983 WL 31249, at *2 (S.S.A. 1983) (instructing that "[t]he medical evidence serves as the primary element in the onset determination" and "the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record."). As the ALJ explained during the administrative hearing, the medical evidence of record reflected a discernible change in Claimant's condition beginning in January 2011. At that time, Claimant began to experience significant neck, arm, and hand discomfort, was diagnosed with carpal tunnel syndrome, underwent a carpal tunnel release procedure, and started to receive prescription narcotics to treat pain symptoms. (Tr. at 174, 439-41, 463, 496-501, 508-36). Prior to January 2011, Claimant suffered from a variety of physical symptoms that waxed and waned over the years, some of which required medication, but none that resulted in documented sustained functional impairment.

In an effort to bolster his underlying assertion that he has been disabled since 2008, Claimant supplied the District Court with documentation of prescription expenses he incurred between July 2007 and February 2011, "to show [he has] been on pain medication since '05 til now." (ECF No. 9 at 1). This documentation does not appear to have been submitted to the ALJ or the Appeals Council and was not considered in reaching the Commissioner's final disability determination. In light of the finding that the ALJ did not err by using the amended onset date, this new evidence has minimal relevance. Nonetheless, the undersigned has considered whether remand on the basis of newly discovered evidence is appropriate.

The sixth sentence of 42 U.S.C. § 405(g) permits the District Court to "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good

6

cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." 42 U.S.C. § 405(g). However, remand to the Commissioner on the basis of newly discovered evidence is only appropriate if four prerequisites are met:

> (1) the evidence must be relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before him; (3) there must be good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant must make at least a general showing of the nature of the new evidence to the reviewing court.

*Miller v. Barnhart*, 64 F. App'x 858, 859-06 (4th Cir. 2003); *see also* 42 U.S.C. § 405(g); *Borders v. Heckler,* 777 F.2d 954, 955 (4th Cir. 1985).

Claimant makes no effort to establish that the proffered prescription expenses meet the above-stated criteria, and the undersigned **FINDS** that they do not fulfill two out of the four prerequisites. Certainly, Claimant has made a general showing of the nature of the new evidence by attaching it to his brief. (ECF No. 9 at 2-23). Additionally, the evidence clearly relates back to his original alleged onset date. (*Id.*). Nevertheless, Claimant fails to demonstrate the remaining two prerequisites. First, the prescription records do not rise to the level of material evidence that might reasonably have changed the Commissioner's decision. Although the records show that Claimant received narcotic medication in 2008, they do not reflect continuous usage, nor do they provide any explanation or insight into the reason for the medication. (*Id.*). Moreover, the records do not impact in any manner the second set of facts upon which the ALJ concluded that Claimant's onset of disability occurred in 2011. The ALJ noted that Claimant began to suffer from increased musculoskeletal symptoms in 2011, and also was diagnosed with carpal tunnel syndrome. The exacerbation of symptoms and the advent of a new medical diagnosis on top of Claimant's pre-existing impairments

convinced the ALJ that Claimant met the definition of disabled as of January 2011. Thus, the additional prescription records, when taken as a whole, are not inconsistent with this determination of Claimant's disability onset date.

Second, Claimant has not demonstrated good cause for his failure to submit the additional records when his claim was before the Commissioner. The records entirely predate both the ALJ's determination and the Appeals Council's denials of review. Indeed the prescription records appear to have been generated from the same pharmacy that provided the prescription records contained in the administrative record. (Tr. at 174). Claimant offers no explanation as to why he failed to submit these earlier records to the Appeals Council, and thus has not demonstrated good cause for the delay.

Accordingly, the undersigned **FINDS** that the ALJ did not err in amending the disability onset date, because Claimant consented to and requested the amendment at the hearing. Additionally, the undersigned **FINDS** the ALJ's determination of the onset date is supported by substantial evidence in the record, and that remand is not appropriate on the basis of Claimant's new evidence.

## V. Recommendations for Disposition

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the District Court confirm and accept the findings herein and **RECOMMENDS** that the District Court **DENY** Plaintiff's motion for judgment on the pleadings as articulated in his brief, (ECF No. 11), **GRANT** Defendant's motion for judgment on the pleadings as articulated in the Commissioner's brief, (ECF No. 12), **DISMISS** this action, **with prejudice,** and remove it from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United

States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED**: July 10, 2014.

Cheryl A. Eifert
United States Magistrate Judge